UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>YIMY DIONICIO RIVERA-MARTINEZ,<br><br>Defendant. | 11-CR-37<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 25, 2011, Yimy Dionicio Rivera-Martinez pled guilty to a single-count indictment, which charged that on November 14, 2010, defendant, an alien who had been deported from the United States after a conviction for a felony, was found in the United States without the Secretary of the United States Department of Homeland Security having expressly consented to his applying for admission, in violation of 8 U.S.C §§ 1326(a) and (b)(1).

Rivera-Martinez was sentenced on July 13, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between forty-six and fifty-seven months. The calculation of the total offense level included a sixteen-point enhancement because the defendant was previously deported after a conviction for a violent crime and a three-point adjustment for acceptance of responsibility. The offense carries a maximum term of imprisonment of ten years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine is from $7,500 to $75,000, with a statutory maximum of $250,000. 18 U.S.C. § 3571(b)(3).

Rivera-Martinez was sentenced to incarceration for one year and one day and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is a serious one, particularly in light of the violent nature of the assault and attempted robbery crimes that resulted in defendant's initial deportation. Defendant is a Honduran citizen, twenty-four years old, and has a fifth-grade education. Forced to leave school early on in his life, he worked as a laborer to overcome an impoverished background, which included an abusive alcoholic father and the separation of his parents. Defendant declared that he had no intention of returning to the United States, because he has a young son in Honduras whom he is eager to return to and take care of.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence of incarceration followed by deportation will send a clear message that illegal reentry is a serious crime. Given the defendant's impoverished background, difficult life, and his sincere desire to take up his parental responsibilities, this sentence will provide sufficient specific deterrence.

Jack B. Weinstein
Senior United States District Judge

Dated: July 14, 2011
Brooklyn, New York

3